CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

MAY 05 2010

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 3:10CR00004 |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| SABRINA ROCHELLE COLES, | ) | |
| | ) | By: B. WAUGH CRIGLER |
| Defendant. | ) | U.S. MAGISTRATE JUDGE |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's consent, this case was referred to the undersigned to conduct a plea hearing.

**DEFENDANT'S RESPONSES TO RULE 11 INQUIRY**

The Grand Jury has returned a single count Indictment charging defendant in Count One with knowingly and intentionally possessing with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

On May 5, 2010, a plea hearing was conducted before the undersigned, and the defendant entered a plea of guilty to Count One of the Indictment. At this hearing the defendant was placed under oath and testified her full legal name is Sabrina Rochelle Coles and that she was born on August 19, 1981. The defendant stated that she attended two and a half years of college and that she can read, write and understand the English language. The defendant stated that she was fully aware of the nature of the charges against her and the consequence of pleading guilty to those charges. The defendant further testified that she was not under the influence of alcohol, medicine, or any drug. The defendant stated that she had no other physical or mental condition which impaired her ability to understand the nature of the proceedings being held. The defendant's counsel stated that she had no reservations as to the

defendant's competency to enter a plea of guilty to the offense.

The defendant testified that she had received a copy of the Indictment pending against her and that she he had fully discussed the charges therein, and her case in general, with her counsel. The defendant stated that she was pleading guilty of her own free will because she was, in fact, guilty of the offense charged. The defendant also stated that no one had made any promises, assurances, or threats to her in an effort to induce her plea. The defendant testified that she understood that the offense with which she is charged in Count One is a felony and that, if her plea is accepted, she will be adjudged guilty of that offense.

The defendant was informed that the minimum sentence for Count One is five years, that the maximum sentence is forty years imprisonment, a fine of $2,000,000, and that there will be supervised release for a period of four years to life. The defendant acknowledged that any forfeiture of property is proportionate to the degree and nature of the offense she committed and does not raise any of the concerns addressed in *United States v. Austin*, 113 S.Ct. 2801 (1993).[1] The defendant was further informed that under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining a sentence in a criminal case. The defendant was then informed that, in light of the United States Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005), the sentencing guidelines are no longer mandatory but that the sentencing judge may apply them in an advisory fashion in determining a reasonable sentence. The defendant testified that she and her counsel had discussed how the sentencing guidelines might apply in her case. The defendant also testified that she understood that the court would not be able to determine the applicable guideline range, for advisory purposes, until after a presentence report has been

---

[1] The Government informed the court and defendant that while she may not face forfeiture in this case, there are state proceedings in which forfeiture is likely to occur.

2

prepared and both parties have been given an opportunity to challenge the reported facts and application of the guidelines. She stated that she understood that the eventual sentence imposed may be different from any estimate her attorney had given her and that the court has the authority to impose a sentence that is either higher or lower than that called for by the guidelines, so long as the sentence is not greater than the statutory maximum for the offense to which the defendant is pleading guilty. The defendant stated that she knew that parole had been abolished and that if she is sentenced to prison she will not be released on parole but on supervised release, a violation of which could result in additional incarceration.

The defendant testified that she understood that she had the right to a trial by a jury, in addition to the following rights, which will be waived or given up if her guilty plea is accepted:

1. The right to plead not guilty to any offense charged against her;
2. The right at trial to be presumed innocent and to force the government to prove her guilt beyond a reasonable doubt;
3. The right of assistance of counsel at trial and in any subsequent appeal;
4. The right to see, hear and cross-examine witnesses;
5. The right to call witnesses to testify in her own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses;
6. The right to decline to testify unless she voluntarily elects to do so in her own defense;
7. The right to a unanimous guilty verdict; and
8. The right to appeal a guilty verdict.

The defendant also testified that she understood that if she is adjudged guilty of these charges, she may be deprived of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm.

The defendant stated that she was fully satisfied with the advice and representation given to her in this case by her counsel. The defendant also stated that she believed her counsel's representation had been effective. The defendant testified that she understood the possible consequences of her plea. The

defendant asked the court to accept her plea of guilty to Count One of the Indictment.

**THE GOVERNMENT'S EVIDENCE**

The defendant waived her right to have the government's Factual Summary read in open court and had no objection to the Summary. The Factual Summary having been filed in open court, the evidence presented therein regarding the offense charged is as follows:

On October 29, 2009, investigators executed a search warrant on a room at the Days Inn in Staunton, Virginia, that was being occupied, at least in part, by the defendant. The basis for the search warrant included the observations by a confidential informant concerning methamphetamine that had been seen in the room. Prior to the execution of the warrant, investigators located the defendant's vehicle and surveilled her back to the Days Inn. The defendant was driving the vehicle and had a female passenger with her. The defendant and passenger exited the vehicle and approached the room carrying something like a knapsack and other items. The other woman opened the door with the key and they were thereafter detained and told about the search warrant. The defendant was advised of her Miranda rights. When asked if she had anything on her, she stated that she had methamphetamine inside her jacket. Investigators recovered methamphetamine, owe sheets, a smoking device, approximately $665, and cell phones on her person.

The knapsack that the defendant had been carrying contained various baggies containing methamphetamine. Additional empty baggies, a set of digital scales, needles, and another cell phone were recovered from the bag as well. The defendant had also been carrying a pair of boots inside one of which was additional methamphetamine as well as a smoking device. Baggies secreted in a can of "Fix-a-Flat" with a false bottom contained cocaine. The vehicle that the defendant had been driving contained another digital scale and a needle. Two smoking devices were recovered from the hotel room.

The defendant was interviewed and stated, among other things, that she had been purchasing approximately nine to ten ounces of methamphetamine per week since the end of September 2009. She provided information concerning how much she paid for the methamphetamine. She also admitted to obtaining small amounts of cocaine as well. She claimed that she had only started selling drugs during this time period and stated that she had done so because she could not find a job.

The substances described as methamphetamine above that were recovered during the search of the defendant and from the carried items were analyzed by the DEA laboratory and identified, in a lab report, as containing "methamphetamine" or "methamphetamine hydrochloride" with a total net weight of approximately 215.5 grams. Of the items identified as containing "methamphetamine hydrochloride" (with a total net weight of 178.3 grams), the lab report indicates that those items were further analyzed for concentration or purity and also determined that the amount of "actual drug" was 50.9 grams.

**FINDINGS OF FACT**

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea;

2. The defendant is aware of the nature of the charges and the consequences of her plea;

3. The defendant knowingly and voluntarily entered a plea of guilty to Count One of the Indictment; and

4. The evidence presents an independent basis in fact containing each of the essential elements of the offense to which the defendant is pleading guilty.

**RECOMMENDED DISPOSITION**

Based upon the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's plea of guilty to Count One and adjudge her guilty of that offense. The undersigned further DIRECTS that a presentence report be prepared. A sentencing hearing hereby is scheduled for July 19, 2010 at 10:00 a.m. before the presiding District Judge in Charlottesville.

**NOTICE TO PARTIES**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C): Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The Clerk is hereby directed to send certified copies of this Report and Recommendation to all counsel of record.

ENTERED: /s/ [signature]
United States Magistrate Judge

Date: May 5, 2010